IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONSTANTINOS KAPERNEKAS, | ) |
| Plaintiff, | ) |
| vs. | ) No. 17-cv-06040 |
| VILLAGE OF STONE PARK, a municipal Corporation; OFFICER NUMANAJ, #31; KELLEY, #13, | ) Judge Gary Feinerman |
| Defendants. | ) |

**DEFENDANT VILLAGE OF STONE PARK'S MOTION TO DISMISS UNDER RULE 12(C) AND PURSUANT TO *MONELL***

**NOW COMES** the **VILLAGE OF STONE PARK** (Hereinafter referred to as "**Stone Park**") by and through its attorneys, Maisel & Associates, and for its Motion to Dismiss Plaintiff's Complaint against it under the theory of *respondeat superior* does hereby state as follows:

1. The plaintiff's Complaint consists of three sections jointly against **STONE PARK, OFFICER KELLEY** (now Deputy Chief) and Officer **NUMANAJ** of the **VILLAGE OF STONE PARK** Police Department. See case Document #1.

2. The jurisdiction of this Court is invoked by the plaintiff under 42 U.S.C. §1983.

3. The plaintiff's Complaint alleges certain civil rights violations arising from plaintiff's arrest and allegations that he was detained in a police squad car in hot weather in breach of the Fourth and Fourteenth Amendments.

4. Paragraph 24 specifically alleges that **STONE PARK** engaged in wilful and wanton conduct, battery and intentional infliction of emotional distress under a theory of *respondeat superior*.

1

5. The United States Supreme Court considered *respondeat superior* claims in the context of civil rights claims under 42 U.S.C. §1983 and opined that a reading of §1983 and the legislative history:

> . . . .compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. In particular, we conclude that a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691, (1978).

6. Further, the FACTS section of the Complaint provides no allegations of direct conduct by the **STONE PARK**; that is no evidence of an official policy, procedure, or course of action relative to the alleged wrongful acts by which Stone Park could be individually liable under §1983.

7. **STONE PARK** is not liable for §1983 violations under a theory of *respondeat superior* and further plaintiff has not alleged any direct official polices, customs, procedures, course of action from which direct liability could be imputed.

**WHEREFORE**, Defendant, **THE VILLAGE OF STONE PARK**, by its attorneys MAISEL & ASSOCIATES, respectfully requests this Honorable Court to enter an Order

dismissing the plaintiff's Complaint against it, with prejudice.

                                    MAISEL & ASSOCIATES

/s/ _____
                        Attorney for Village of Stone Park,
                        Albi Numanaj and Joseph Kelley

Eric A. Krumdick (ARDC #6190791)
MAISEL & ASSOCIATES
**Mailing Address:**
P.O. Box 64093, St. Paul, MN 55164-0093
**Street Address:**
161 N. Clark Street, Suite 800, Chicago, IL 60601
312-458-6500
Fax: 855-821-7317
Email: ekrumdic@travelers.com
General E-Mail: RPMLaw1@Travelers.com